**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4486**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REYNOLD GELIN,

Defendant - Appellant.

_____

**No. 04-4516**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DELIUS PHILIUS, a/k/a Haitian Johnny, a/k/a
Deilius Philius, a/k/a Dehilius Philius, a/k/a
Delius Hilius,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (CR-03-474)

_____

Submitted:  January 13, 2006          Decided:  March 3, 2006

_____

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

David B. Betts, Columbia, South Carolina; James P. Rogers, Columbia, South Carolina, for Appellants.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Delius Philius and Reynold Gelin appeal their convictions and sentences. The Appellants pled guilty pursuant to plea agreements to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base or crack cocaine and 5 kilograms of cocaine, in violation of 18 U.S.C. §§ 841(b)(1)(A), 846 (2000). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal except to the extent Gelin's sentence violated the Sixth Amendment because it was based upon facts not admitted by him. Both Appellants filed pro se supplemental briefs and the Government did not file a brief. We affirm the convictions and Philius' sentence and we vacate and remand Gelin's sentence.

We find no error with respect to the Rule 11 proceeding during which both Appellants pled guilty. We further find no error in the calculations arrived at in the Presentence Investigation Reports.

With respect to Philius' sentence, we find no error. In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance

of the evidence violated the Sixth Amendment.  Thus, when a defendant pleads guilty and is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Booker, 543 U.S. at ___, 125 S. Ct. at 756.  In addition, treating the guidelines as mandatory rather than only advisory is error.  United States v. White, 405 F.3d 208, 216-17 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

Philius did not object to either the use of the enhancements not admitted by him or found by a jury, nor did he object to the mandatory use of the sentencing guidelines.  Thus, review is for plain error.  United States v. Olano, 507 U.S. 725, 732 (1993).  Philius stipulated in his plea agreement to an offense level of 38 based on the amount of drugs for which he was responsible.  As a result of other enhancements to the offense level for leadership role and the reduction for acceptance of responsibility, his adjusted offense level was 39.  He was sentenced to 262 months' imprisonment.  Had Philius been given an offense level of 38, based solely upon the facts to which he admitted, and not including a reduction for acceptance of responsibility, United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005), his sentencing range would have been 235 to 293 months'

- 4 -

imprisonment. Because his imprisonment does not exceed the maximum authorized by the facts he admitted, no Sixth Amendment error occurred. Id. at 300-01.

Likewise, Philius cannot establish plain error with respect to the mandatory application of the guidelines. In White, 405 F.3d at 216-17, we held treating the guidelines as mandatory was plain error in light of Booker. Id. at 216-17. We declined to presume prejudice, id. at 217-22, holding that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because "the record as a whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)) (first alteration added), we concluded the error did not affect the defendant's substantial rights and affirmed the sentence. Id. at 225. Philius cannot show that the treatment of the guidelines as mandatory affected his sentence.

With respect to Gelin's sentence, we find his sentence violated the Sixth Amendment. Based on his guilty plea to 5 kilograms of cocaine and 50 grams of crack cocaine, he was eligible for an offense level of 32. That results in a sentencing guidelines range of 121 to 151 months' imprisonment. Gelin's actual range of imprisonment was much higher and as a result he was sentenced to 324 months' imprisonment, or significantly higher than a sentence based upon conduct to which he admitted. Because the court imposed a sentence using the sentencing guidelines as mandatory and using facts not admitted by Gelin or found by a jury, the sentence violated the Sixth Amendment and should be vacated and remanded for resentencing pursuant to Booker.[*]

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Gelin's sentencing. Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

We have considered the issues raised in Philius' pro se supplemental brief and find them without merit. We have likewise considered the issues raised by Gelin in his brief. Because the sentence will be remanded for resentencing, we will not review issues relating to the enhancements. With the exception of Gelin's Sixth Amendment challenge, we find the remaining issues to be without merit.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case for any other meritorious issue and have found none. Accordingly, we affirm the convictions and Philius' sentence. We vacate Gelin's sentence and remand for proceedings consistent with <u>Hughes</u>, 401 F.3d at 546 (citing <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 764-65, 767). We deny the motion to remand as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED
IN PART, AND REMANDED</u>